UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ASO, LLC, et al.

                     Plaintiffs,

        -against-

HHS DEVELOPMENT CORPORATION, INC., et al.,

                     Defendants.

1:25-CV-9106 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Mahtaub Moore, of Wilmington, Delaware, who is appearing *pro se*, filed a notice of removal to remove to this Court a civil action that was originally filed in the New York Supreme Court, Westchester County, in which he is not a party,[1] *ASO LLC v. HHS Dev. Grp. Ltd.*, Index No. 64236/2023 (N.Y. Sup. Ct., Westchester Cnty.). For the reasons set forth below, this Court remands this action to the New York Supreme Court, Westchester County.

    A defendant in a state court civil action may remove the civil action to a federal district court if the federal district court has original jurisdiction to consider that civil action. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."). To remove a state court civil action to a federal district court:

> [a] defendant . . . desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the

---

[1] In his notice of removal, Moore describes himself as "Plaintiff and Non-Party Intervenor" with respect to the state court action. (ECF 1, at 1.)

Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant . . . in such action.

28 U.S.C. § 1446(a).

Because only a defendant may remove a civil action from a state court to a federal district court, a non-party is not permitted to do so. *See JRA Holding, Inc. McCleary*, 100 F.3d 944 (2d Cir. 1996) (unpublished opinion); *Jana Master Fund, Ltd. v. JP Morgan Chase & Co.*, 490 F. Supp. 2d 325, 330 (S.D.N.Y 2007) ("Simply put, Chase N.A. is not a party to this action. . . . Consequently, Chase N.A. may not remove the action to federal court."); *Am. Home Assurance Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 298-99 (S.D.N.Y. 1999) ("Independently, . . . a non-party . . . has no authority to notice removal under the statutes here utilized, 28 U.S.C. § 1441 and § 1446(a), which speak only of removal 'by the defendant or defendants.'" (citing cases)); *see generally Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105 (1941) (removal privilege limited to defendants only).

The right of removal is "entirely a creature of statute," and the "statutory procedures for removal are to be strictly construed." *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 32 (2002). A federal district court may remand an action *sua sponte* within 30 days of the filing of the notice of removal for a procedural defect, or at any time before final judgment for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131-33 (2d Cir. 2006); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643-44 (2d Cir. 1993).

Removal of this civil action from the state court to this court is not proper because Moore, who is someone other than a defendant—in this case, he is a non-party to the action—has removed it. For this reason, this Court concludes that this action may not be removed to this court. Thus, this Court remands this action to the New York Supreme Court, Westchester County.

*See Mitskovski*, 435 F.3d at 131 (noting that the United States Court of Appeals for the Second Circuit has "interpreted [S]ection1447(c) to authorize a remand for either a procedural defect asserted within 30 days of the filing of notice of removal or a lack of subject matter jurisdiction").

## CONCLUSION

Because removal of this action is improper, this Court remands it, under 28 U.S.C. § 1447(c), to the New York Supreme Court, Westchester County.

This Court directs the Clerk of Court to mail a copy of this Order to the clerk of the abovementioned state court at 111 Dr. Martin Luther King Jr. Boulevard, White Plains, New York 10601, and to close this action. All pending matters for this court with respect to this action are terminated.

Dated:   November 10, 2025
          New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge